```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - X
                                           :      04 Civ. 9246 (WCC)
PAUL GIORDANO,                             :
                                           :          ECF CASE
                Plaintiff,                 :
                                           :
        - against -                        :      **OPINION**
                                           :      **AND ORDER**
PGT INDUSTRIES, INC., VINYL TECH, M.K.     :
ENCLOSURE CO., and FOX LITE, INC.,         :
                                           :
                Defendants.                :
                                           :
- - - - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

                                      GOLDSTEIN & METZGER, LLP
                                      **Attorneys for Plaintiff**
                                      40 Garden Street
                                      Poughkeepsie, New York 12601

PAUL J. GOLDSTEIN, ESQ.

       Of Counsel

                                      WADE CLARK MULCAHY
                                      **Attorneys for Defendants PGT**
                                          **Industries, Inc. and Vinyl Tech**
                                      111 Broadway, 9th Floor
                                      New York, New York 10006

JOHN MULCAHY, ESQ.

       Of Counsel

                                      JACOBSON & SCHWARTZ
                                      **Attorneys for Defendant**
                                      **Fox Lite, Inc.**
                                      510 Merrick Road
                                      P.O. Box 46
                                      Rockville Centre, New York 11571

PAUL GOODOVITCH, ESQ.

      Of Counsel

**Copies E-Mailed to Counsel of Record**

**Conner, Sr. D.J.:**

Plaintiff Paul Giordano brings suit against defendants PGT Industries, Inc. f/k/a Vinyl Tech ("PGT"), M.K. Enclosure Co. ("M.K.") and Fox Lite, Inc. ("Fox Lite") alleging negligence, breach of warranty and strict products liability based on manufacturing defect, design defect and failure to warn. Plaintiff was shoveling snow off his roof when he stepped on a skylight, which broke, causing him to fall through the roof and onto the floor below, breaking his wrist and back. Plaintiff alleges that the skylight was defective and that Fox Lite manufactured it and PGT distributed it. Fox Lite and PGT now move for summary judgment. Fox Lite claims there is no evidence it manufactured the skylight, and PGT argues that plaintiff is unable to prove that the skylight was actually defective. For the following reasons, both motions are denied.

## BACKGROUND

Defendant PGT was, at all times relevant to this lawsuit, in the business of manufacturing and selling component parts of patio rooms to distributors, who would then sell them to homeowners. (Def. PGT Rule 56.1 Stmt. ¶¶ 28-29.) PGT did not manufacture skylights, but it carried them in case a distributor requested one; for those projects, the distributor would cut a hole in the roof PGT provided and install the skylight. (*Id.* ¶¶ 31, 34.) In or around 1995, plaintiff hired a company called Iona Pools and Patio ("Iona"), a PGT distributor, to install a screened-in patio room as an addition to his house.[1] (*Id.* ¶¶ 2, 35.) The patio room had a flat roof and a two-foot-by-four-foot skylight, (*id.* ¶¶ 12, 14) which plaintiff claims was manufactured by defendant Fox Lite.

---

[1] PGT claims to have no record of a sale to Iona at this time, but it acknowledges that the patio room of plaintiff's home is comprised of PGT products. (*Id.* ¶ 36.)

1

(Goldstein Aff. Opp. Def. Fox Lite Mot. Summ. J. ¶ 3.)

Between April 1995, when the room was built, and February 19, 2003, when the accident that is the subject of this lawsuit occurred, plaintiff did not have any complaints about the skylight, and no repairs or modifications were made to the room. (Def. PGT Rule 56.1 Stmt. ¶¶ 15, 17.) Before the accident occurred, plaintiff climbed onto the roof of the patio room approximately ten times to clear leaves or snow from the roof, but he never stepped on the skylight on any of those prior occasions. (*Id.* ¶¶ 18-19.)

On the day of the accident, plaintiff went onto the roof of the patio room to shovel snow. (*Id.* ¶ 20.) The skylight was not covered with snow, and plaintiff could see it. (*Id.* ¶ 21.) While he was shoveling, plaintiff stepped backward onto the skylight with the heel of his left foot. (*Id.* ¶ 22.) The plastic "window" portion of the skylight shattered, causing plaintiff to fall through to the floor below. (*Id.* ¶ 24.) As a result of the accident, plaintiff suffered a broken wrist and back, which he claims have left him permanently disabled and unable to return to work. (Goldstein Aff. Opp. Def. Fox Lite Mot. Summ. J. ¶ 2.)

## DISCUSSION

I. <u>Standard of Review and Choice of Law</u>

Summary judgment is appropriate when there is no genuine issue of material fact and one party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986). The court must resolve all ambiguity in favor of the non-moving party and draw every permissible factual inference in that party's favor. *See Anderson*, 477 U.S. at 255. The burden is on the movant to demonstrate the absence of a genuine issue of material

fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995). When the movant has met that burden, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting FED. R. CIV. P 56(e)) (citations omitted) (emphasis in original).

This Court has jurisdiction based on diversity of citizenship. *See* 28 U.S.C. § 1332(a)(1). We therefore must apply the choice of law rules of the forum state, New York. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Under New York law, in a tort case "'the law of the jurisdiction where the tort occurred will generally apply because that jurisdiction has the greatest interest in regulating behavior within its borders.'" *Brink's Ltd. v. S. Afr. Airways,* 93 F.3d 1022, 1031 (2d Cir. 1996) (quoting *Cooney v. Osgood Mach., Inc.*, 81 N.Y.2d 66, 72 (1993)). We therefore conclude that New York law applies to this dispute. The parties appear to agree, having cited only New York law in their memoranda. *See Walter E. Heller & Co. v. Video Innovations, Inc.*, 730 F.2d 50, 52 (2d Cir. 1984) (noting that, under New York law, "in the absence of a strong countervailing public policy, the parties to litigation may consent by their conduct to the law to be applied."); *Franklin v. Krueger Int'l, Inc.*, 1997 WL 691424, at *3 (S.D.N.Y. Nov. 5, 1997).

## II. New York Products Liability Law – General Principles

Plaintiff asserts claims of negligence, breach of warranty and strict products liability based on manufacturing defect, design defect and failure to warn. (*See generally* 2d Am. Complt.) Under New York law, the manufacturer of a defective product will be liable to a person injured by the product if:

> (1) the product is "defective" because it is not reasonably safe as marketed; (2) the product was used for a normal purpose; (3) the defect was a substantial factor in causing the plaintiff's injuries; (4) the plaintiff by the exercise of reasonable care would not have both discovered the defect and apprehended its danger; (5) the plaintiff would not have otherwise avoided the injury by the exercise of ordinary care.

*Urena v. Biro Mfg. Co.,* 114 F.3d 359, 363 (2d Cir. 1997). A product can be defective because of a mistake in the manufacturing process, a design flaw, or an inadequate or absent warning. *Amatulli by Amatulli v. Delhi Constr. Corp.*, 77 N.Y.2d 525, 532 (1991). A person injured by a defective product can seek relief from the manufacturer or others in the distribution chain. *See Speller ex rel. Miller v. Sears, Roebuck & Co.*, 100 N.Y.2d 38, 41 (2003).

To maintain a claim for breach of implied warranty of merchantability, "a plaintiff must show that the product was not reasonably fit for [its] intended purpose, an inquiry that focuses on the expectations for the performance of the product when used in the customary, usual and reasonably foreseeable manners." *Wojcik v. Empire Forklift, Inc.*, 783 N.Y.S.2d 698, 701 (App. Div. 2004) (internal citations and quotation marks omitted) (brackets in original). To state a claim for negligence, a plaintiff must demonstrate a duty owed by the defendant to the plaintiff, and a breach of that duty that proximately causes injury to the plaintiff. *Becker v. Schwartz*, 46 N.Y.2d 401, 410 (1978).

**III.     The Identity of the Manufacturer**

Fox Lite argues that plaintiff's evidence is legally insufficient to show that it manufactured the skylight, and that it therefore can not be held liable for plaintiff's injuries. (*See* Def. Fox Lite Mem. Supp. Summ. J. at 1.) Plaintiff did not retain the "window" portion of the skylight (the part that shattered) (Def. PGT Rule 56.1 Stmt. ¶ 25), and there is no direct evidence as to the identity of the manufacturer.

To hold a defendant liable for manufacturing a defective product, the plaintiff must, of course, be able to prove that the defendant actually manufactured the product. *See D'Amico v. Mfrs. Hanover Trust Co.*, 569 N.Y.S.2d 962, 964 (App. Div. 1991). Although the product itself is "the best and most conclusive proof," a plaintiff can prove both the identity of the manufacturer and the existence of a defect through circumstantial evidence. *Otis v. Bausch & Lomb, Inc.*, 532 N.Y.S.2d 933, 934 (App. Div. 1988). When a plaintiff seeks to prove the manufacturer's identity through circumstantial evidence, the plaintiff "must establish that it is reasonably probable, not merely possible or evenly balanced, that the defendant was the source of the offending product. . . . Speculative or conjectural evidence of the manufacturer's identity is not enough." *Healey v. Firestone Tire & Rubber Co.*, 87 N.Y.2d 596, 601-02 (1996) (citations omitted); *see also Winstead v. Phillocraft, Inc.*, 2005 WL 2001902, at *5 (S.D.N.Y. Aug. 19, 2005); Lewis *v. Proctor & Gamble, Inc.*, 1998 WL 903598, at *3 (E.D.N.Y. Dec. 11, 1998).

Plaintiff's case is based on circumstantial evidence that Fox Lite manufactured the skylight in question. Plaintiff points out that: Fox Lite manufactured a skylight (model FE3) that was "similar in size and composition of [sic] that on plaintiff's sunroom"; Fox Lite "sold hundreds of

5

skylights, similar to the one in plaintiff's sunroom" to PGT in 1994, including 251 FE3's; the chief executive officer of Fox Lite, Walter S. Hoy, testified at his deposition that the skylight in question "could be" an F3; the tape used to bond the insulation pane of plaintiff's skylight is "similar" in color to the tape used on the F3; the holes in skylight frame on plaintiff's roof are set at "approximately the same spacing as the F3"; and Fox Lite manufactures approximately 40,000 polycarbonate skylights per year. (Goldstein Aff. Opp. Def. Fox Lite Mot. Summ. J. ¶ 7.) Fox Light responds that the frame of plaintiff's skylight was bonded with a tape that, to the best of Hoy's recollection, Fox Lite never used. (*See* Goodovitch Aff., Ex. F at 17.)

On a motion for summary judgment, the Court's role "is to discern whether there are any factual issues to be tried, not to resolve them," *Calabro v. Westchester BMW, Inc.*, 398 F. Supp. 2d 281, 286 (S.D.N.Y. 2005), and the evidence presented raises a question of fact as to whether Fox Lite manufactured the skylight in question. Fox Lite, which bears the burden at this stage, *see Celotex*, 477 U.S. at 322, has not demonstrated that plaintiff will be unable to meet his burden of showing a reasonable probability that Fox Lite was the manufacturer. Viewing the evidence in the record, a jury could conclude that it was "reasonably probable, not merely possible" that Fox Lite manufactured plaintiff's skylight. *See Healey*, 87 N.Y.2d at 601.

**IV.   The Existence of a Defect**

PGT and Fox Lite both argue that there is no legally sufficient evidence that the skylight involved in plaintiff's accident was defective. In opposing defendants' motions, plaintiff relies partly

6

on the expert report of a chemist, David F. Lindt.[2] Lindt examined the frame of plaintiff's skylight as well as "similar skylights" made of polycarbonate, the material Lindt believes plaintiff's skylight was made of. (Lindt Aff. ¶ 3.) Lindt concludes that "[t]his type of skylight should have been able to withstand the impact of Mr. Giordano, a 185-pound man, stepping on it, with the heel of his left foot," and in his opinion the fact that the skylight broke represents either a manufacturing or design defect, or a failure to warn about the dangers of improper installation methods. (*Id.* ¶ 5.)

Defendants point out that Lindt examined only the frame of the skylight through which plaintiff fell and not the actual shattered "window" portion of the skylight. And they dismiss his analysis as "circular reasoning or bootstrapping. . . . [Lindt tells] us that the happening of the

---

[2] PGT urges us to disregard Lindt's report because plaintiff failed to disclose it within the time frame required by FED. R. CIV. P. 26(a)(2)(C). The rule requires that the disclosure of expert witnesses be made not less than ninety days before trial, unless the court has directed otherwise or the parties have stipulated to a different schedule. Plaintiff first disclosed the Lindt report in opposition to the present motions, forty-five days before trial was originally scheduled to begin (trial has since been adjourned for five weeks). FED. R. CIV. P. 37(c)(1) provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Plaintiff's untimely disclosure of the Lindt report, though a failure to comply with the requirements of the rules, is harmless. Defendants have adequate time to depose Mr. Lindt and hire their own expert or experts should they wish to do so. Furthermore, the preclusion of expert testimony under Rule 37 is "a drastic remedy and should only be applied in those rare cases where a party's conduct represents flagrant bad faith and callous disregard of the Federal Rules of Civil Procedure." *Hinton v. Patnaude*, 162 F.R.D. 435, 439 (N.D.N.Y. 1995). Plaintiff's late disclosure does not rise to that level of misconduct.

Defendants also argue that Lindt's evidence should be disregarded because it does not meet the requirements of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and because Lindt is unqualified. As defendants have not yet deposed Lindt, a final decision on these issues would be premature at this time. It is also unnecessary for purposes of deciding the present motions: our result would be the same even if we were to hold Lindt's evidence inadmissible.

accident in and of itself proves that a defect existed, which caused the accident." (Def. PGT Reply Mem. Supp. Summ. J. at 2; *see also* Def. Fox Lite Reply Mem. Supp. Summ. J. at 4-5.) Defendants' argument – that evidence of a specific defect is necessary because a fact finder may not infer a defect from the circumstances of the accident – has been unambiguously rejected by the New York Court of Appeals:

> The principal issue argued by defendant . . . is that plaintiff failed to make out a prima facie case because no particular defect in the [product] was ever discovered or established. That issue merits little discussion. In a products liability case it is now established that, if plaintiff has proven that the product has not performed as intended and excluded all causes of the accident not attributable to defendant, the fact finder may, even if the particular defect has not been proven, infer that the accident could only have occurred due to some defect in the product or its packaging.

*Halloran v. Va. Chems. Inc.*, 41 N.Y.2d 386, 388 (1977); *see also Jarvis v. Ford Motor Co.*, 283 F.3d 33, 44 (2d Cir. 2002) ("[W]e recognize the settled principle of New York law that a plaintiff in a products liability action is not required to prove a specific defect when a defect may be inferred from proof that the product did not perform as intended by the manufacturer."); *Gilks v. Olay Co.*, 30 F. Supp. 2d 438, 443 (S.D.N.Y. 1998); *Sideris v. Simon A. Rented Servs., Inc.*, 678 N.Y.S.2d 771, 772 (App. Div. 1998); *Brown v. Borruso*, 660 N.Y.S.2d 780, 781 (App. Div. 1997); *Dubecky v. S2 Yachts, Inc.*, 651 N.Y.S.2d 602, 603 (App. Div. 1996); *Fox v. Corning Glass Works, Inc.*, 438 N.Y.S.2d 602, 603 (App. Div. 1981). Although a plaintiff may rely on circumstantial evidence of a defect, "if a defendant comes forward with any evidence that the accident was not necessarily attributable to a defect, the plaintiff must then produce direct evidence of a defect." *Winckel v. Atl. Rentals & Sales*, 557 N.Y.S.2d 951, 953 (App. Div. 1990) (citing cases).

Plaintiff has offered evidence that a non-defective skylight of the sort allegedly manufactured and distributed by defendants would not have shattered when he stepped on it. Lindt's expert report states that the skylight should have withstood plaintiff's stepping on it. Hoy testified at his

deposition that "[p]olycarbonate in its undamaged state is unbreakable," and that Fox Lite has demonstrated the strength of its skylights by having people jump on them at trade shows. (Goodovitch Aff., Ex. F at 30, 40.) And even if there is no evidence of a specific defect, a jury would be permitted to infer the existence of one from the circumstances of the accident. *See Jarvis*, 283 F.3d at 44. Defendants, who bear the burden at this stage, have not presented any evidence that the accident could have been caused by something not attributable to themselves.[3] Therefore, plaintiff has raised a question of material fact, precluding summary judgment.

## CONCLUSION

For the foregoing reasons, the motions of defendants Fox Lite, Inc. and PGT Industries, Inc. f/k/a Vinyl Tech for summary judgment are denied.

SO ORDERED.
Dated: White Plains, New York
November 30, 2007

*William C. Conner*
Sr. United States District Judge

---

[3] There is a possible explanation for the accident, raised by both Hoy and Lindt, that does not involve a design or manufacturing defect: the person who installed the skylight may have used the wrong kind of adhesive (that is, something other than butyl), which "poisoned" the plastic, causing it to become brittle. (*See* Lindt Aff. ¶ 6; Goodovitch Aff., Ex. F at 41.) This theory of events raises the issue of whether the skylight carried an adequate warning as to the risks of using a non-butyl adhesive. The adequacy of a warning is, "in all but the most unusual circumstances . . . a question of fact" *Morrow v. Mackler Prods., Inc.*, 657 N.Y.S.2d 705, 706 (App. Div. 1997), and this case is no exception.